IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IOWA TRIBE OF OKLAHOMA,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　　Case No. 5:15-CV-01379-R
　　　　　　　　　　　　　　　　)
STATE OF OKLAHOMA,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　)

**ORDER**

Plaintiff Iowa Tribe of Oklahoma ("Tribe") has filed a Motion for Summary

Judgment (Doc. No. 8), pursuant to Fed. R. Civ. P. 56. Defendant State of

Oklahoma ("State") has responded. Having considered the parties' submissions,

the Court finds as follows.

The Tribe commenced this action against the State, seeking certification and

enforcement of the Arbitration Award entered November 24, 2015, styled In the

Matter of the Referral to Binding Arbitration by the Iowa Tribe of Oklahoma and

the State of Oklahoma of Disputes Under and/or Arising From the Iowa Tribe –

State Gaming Compact ("Arbitration Award").

The Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq. ("IGRA")

authorizes the Tribe and the State to negotiate a Gaming Compact to govern the

conduct of certain gaming activity on tribal lands.

On November 2, 2004, State Questions No. 712 (Legislative Referendum No. 335) was approved by the people of the state of Oklahoma. The State-Tribal Gaming Act ("Gaming Act"), enacted by the vote of the people approving State Question No. 712, is codified at 3A O.S. §§ 261-282. Section 280 of the Gaming Act is styled "Offer of Model Tribal Gaming Compact," and authorizes any tribe to execute the Model Tribal Gaming Compact ("Model Compact") found in Section 281, which is styled "Provisions of the Model Tribal Gaming Compact."

As contemplated in the Gaming Act, the Tribe executed the Model Compact on February 1, 2005, and submitted it to the Department of the Interior for approval. On June 1, 2005, the Secretary of the Interior published in the Federal Register a "Notice of Class III Gaming Compacts taking effect."

The Gaming Compact provides the following definition of "covered games" at Part 3(5):

> "Covered game" means the following games conducted in accordance with the standards, as applicable, set forth in sections 270 through 277 of the State-Tribal Gaming Act: an electronic bonanza-style bingo game, an electronic amusement game, an electronic instant bingo game, nonhouse-banked card games; any other game, if the operation of such game by a tribe would require a compact and if such game has been: (i) approved by the Oklahoma Horse Racing Commission for use by an organizational licensee, (ii) approved by state legislation for use by any person or entity, or (iii) approved by amendment of the State-Tribal Gaming Act; and upon election by the tribe by written supplement to this Compact, any Class II game in use by the tribe, provided that no exclusivity payments shall be required for the operation of such Class II game.

On September 23, 2015, the Iowa sent a letter to the State serving notice of the Tribe's intent to pursue internet gaming as a covered game under the Gaming Compact.

On September 30, 2015, the State responded to the Tribe, stating that it was the State's "intent to refer this matter to arbitration for a determination on whether or not the internet gaming [the Tribe] described is permissible under the terms of the Compact."

On October 14, 2015, the Tribe and the State engaged an arbitrator to resolve the following dispute:

> Whether the use of the internet (worldwide web) to conduct a "covered game" (for free and real money play), when the players are located outside the boundaries of the State of Oklahoma/United States and its territories during the entirety of the gaming transaction, is authorized under the Compact.

On November 24, 2015, the arbitrator rendered the Arbitration Award.

Part 12 of the Gaming Compact provides that an arbitration award is "subject to enforcement or pursuant to review as provided in paragraph 3 of this Part by a federal district court."

Part 12(2) of the Gaming Compact states that "[t]he parties consent to the jurisdiction of such arbitration forum and courts" for those purposes, and that "each waives immunity with respect thereto."

Part 12(2) of the Gaming Compact further states that such enforcement or review may be brought by either party against the other party in a federal district court.

Part 12(3) of the Gaming Compact states that "[e]ach of the parties hereto waives immunity and consents to suit therein for such limited purposes, and agrees not to raise the Eleventh Amendment to the United States Constitution or comparable defense to the validity of such waiver."

Part 13(B) of the Gaming Compact provides that "[t]his Compact shall constitute a binding agreement between the parties . . ."

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir.1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The Tribe has argued before this Court that it is entitled to summary judgment pursuant to Part 12 of the Gaming Compact and thus entitled to

certification of the Arbitration Award. The State has not disputed any of the material facts stated by the Tribe in its Motion for Summary Judgment nor has it asserted any affirmative defenses or arguments that would preclude certification in this case. The State has stated in its response that certification of the Arbitration Award is proper by this Court. The Court agrees. State v. Hobia, 775 F.3d 1204, 1214 (10th Cir. 2014) ("Part 12 provides that 'either party may refer a dispute arising under this Compact to arbitration under the rules of the American Arbitration Association ..., subject to enforcement or pursuant to review as provided by paragraph 3 of this Part by a federal district court.'")

The Gaming Compact is a contract between the Tribe and the State. The dispute resolution provisions of the Gaming Compact are valid and arbitration is the appropriate forum to interpret phrases contained within the Gaming Compact. Choctaw Nation v. State, 724 F.Supp.2d at 1186 ("[t]he dispute resolution clauses of the parties' Compacts are valid thereby making arbitration the proper forum to interpret the phrase"). The Arbitration Award confirms the Tribe may engage in the offering of "covered games" under the Gaming Compact originating on Tribal Lands. See Hobia, 775 F.3d at 1206-1207 (If a tribe accepts the Model Compact …and complies with the requirements of IGRA, the tribe can operate class III gaming facilities on its Indian lands.")

Based upon the record, the Court finds that there are no genuine issues of material fact that preclude summary judgment in the Tribe's favor. Accordingly, the Tribe is entitled to judgment certifying the Arbitration Award dated November 24, 2015 and its motion is hereby GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 18th day of April, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE